# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

### CIVIL ACTION NO. 1:07CV-00042

**UNITED STATES OF AMERICA,**
upon the relation and for the use of the
**TENNESSEE VALLEY AUTHORITY**     **PLAINTIFF**

**V.**

**AN EASEMENT AND RIGHT-OF-WAY
OVER 1.92 ACRES OF LAND, MORE OR
LESS, IN WARREN COUNTY, KENTUCKY, and
BENT CREEK HOMEOWNERS' ASSOCIATION,
INC., ET AL.**     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiff, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), to strike the counterclaims of Defendant Cathy Luster. (DN 67). This matter is ripe for decision.[1] For the following reasons, the Plaintiff's motion is **GRANTED**.

The TVA filed this condemnation action on March 2, 2007, pursuant to the TVA Act of 1933, as amended, 16 U.S.C. §§ 831-831ee. On May 3, 2007, Defendant filed an answer and counterclaim. (DN 66). The Plaintiff now asks the Court to strike the Defendant's counterclaims.

Federal Rule of Civil Procedure 71(A)e describes the types of defense pleadings permitted in a condemnation proceeding. It states:

> If a defendant has any objection or defense to the taking of property, the defendant shall serve an answer within 20 days after the service of notice upon the defendant. The answer shall identify the property in which the defendant claims to have an

---

[1] TVA filed its motion to strike the counterclaims of Defendant Cathy Luster on May 4, 2007. The Defendant's Response to this motion was due by May 22, 2007, but one was never filed.

interest, state the nature and extent of the interest claimed, and state all the defendant's objections and defenses to the taking of property...No other pleading or motion asserting any additional defense or objection shall be allowed.

Pursuant to this rule, district courts have only jurisdiction to hear defenses and objections from defendants in condemnation cases. United States v. Certain Land Situated in the City of Detroit, 361 F.3d 305, 308 (6th Cir. 2004). A district court lacks jurisdiction to hear counterclaims against the United States in condemnation actions. Id. (citing United States v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 380 (4th Cir. 1995)). This is so because federal condemnation statutes do not waive the United States' sovereign immunity. See, e.g, United States v. Land, 213 F.3d 830, 837 (5th Cir. 2000).

Accordingly, the Plaintiff's motion to strike the Defendant's counterclaim is **GRANTED**.

cc: Counsel of Record